ASHBEL WELCH et al., executors of Ashbel Welch, deceased,
appellants,

*v.*

GEORGE W. ARNETT, respondent.

On appeal from an order advised by Vice-Chancellor Bird,.
permitting amendment of defendant's answer, who filed the fol-
lowing conclusions :

This is a motion to amend an answer put in without oath, and
made after a vast amount of testimony has been taken and the
testimony closed, and more than a year after an opinion of the
court had been filed settling the rights of the parties, and upon
the same day that the complainants ask for a decree of reference
in accordance with the opinion of the court. It is said by the
defendant, that his answer contains a plain mistake of fact, which
was never discovered until about three weeks since ; he says that
never before had he read the answer, nor did he know its con-
tents, except that he furnished the facts to his solicitor, who pre-
pared the answer and filed it without his knowing anything more
as to its contents. These statements are all supported by affida-
vits of the defendant and of his counsel.

The defendant was called upon to account for lumber sawed
by him for the complainants' testator, and in the answer the
allegation is, that a large quantity of such sawed lumber did not
go into certain buildings which were erected by the defendant,
and that no account was ever kept of the same; whereas, the
truth is, as now alleged, that the said lumber did go into the said
buildings, and did go into the reports of the said defendant,
which were rendered from time to time, and is in the accounts
rendered in response to the prayer of the bill. The quantity of
lumber so put into said buildings has been quite fully set forth in
the testimony ; indeed, so much so, that it would seem to have

been one of the principal objects of the investigation before the master.

The counsel of complainants say, that this amendment cannot be allowed without violating the practice and every precedent of the court. This statement is too broad; but the court is always cautious in allowing answers to be amended; the amendment is not allowed as a matter of course. The defendant knows by the bill what he is called upon to answer, and he must answer, not only fully, but truthfully and conscientiously, and that, too, whether under oath or not; every consideration of private interest and public welfare requires this. But with this precaution governing, not only in matters of mere form have corrections been allowed, but in other particulars. This was the view of the practice expressed by Chancellor Williamson in *Vandervere v. Reading, 1 Stock. 446*, and the cases cited by him all sustain it. Nor do I find anything in the books to the contrary. In *Third Avenue Savings Bank* v. *Dimock, 9 C. E. Gr. 26*, Chancellor Runyon, in pronouncing judgment on this subject, used the admirable and comprehensive language of Chancellor Green in *Huffman* v. *Hummer, 2 C. E. Gr. 271*, as follows: "An application to amend an answer is addressed to the sound discretion of the court. In mere matters of form, clerical mistakes or verbal inaccuracies, great indulgence is shown in allowing amendments, even in sworn answers. But application to amend in material facts, or to change essentially the ground taken in the original answer, are granted with caution, and only where it is manifest that the purposes of substantial justice require it." See, also, *Mechanics Bank* v. *Burnett Mfg. Co., 5 Stew. Eq. 236*. In *Bowen* v. *Cross, 4 Johns. Ch. 375*, Chancellor Kent said: "Where there is a clear mistake in answer, and proper to be corrected, the practice is to permit the defendant to file an additional or supplemental answer." He cites a number of cases in support of his opinion. In the case last cited, the defendant handed to his solicitor a schedule which was to be annexed to the answer, but which was not so annexed; and this omission was not discovered until after the answer was filed. An amendment of the answer was allowed. See, also, *White* v. *Sayer, 5 Sim. 566; Swallow* v.

*Day, 2 Coll. 133; Fulton* v. *Gilmour, 8 Beav. 154; Frankland* v. *Overend, 9 Sim. 365.* I at first thought that this case was to be taken against. the defendant, because the statement of his case in his answer was in the nature of an admission by him as agent, which, considering the relationship of the parties, he ought not, after answer filed, to be permitted to withdraw ; and in this I thought I was sustained by the judgment of Lord Hardwicke in *Pearce* v. *Grove, 3 Atk. 522,* but it appears from the opinion in that case, that the defendant did not swear that he was surprised into the admission, or ill-advised in setting it forth. But the case of *Powell* v. *Mayo, 11 C. E. Gr. 120, 125,* is quite to the point. In this case the defendant set up, by his answer, a claim of title different from the one he proved at the hearing. After a complete history of the case the chancellor said : "It is objected that this court can only decree in favor of or against the title set up in the answer, and, therefore, if a different title be established, in favor of the defendant, at the trial, this court can make no decree. But in such case, where no objection is made at the trial, and no surprise alleged, and it appears that justice will be done by establishing the title proved at the trial, it would be competent for this court to direct an amendment of the answer, if necessary, to conform to the finding of the jury."

With these authorities before me, it seems to be my plain duty to allow the amendment asked for ; that is, to show that a certain amount of timber was used in the erection of said buildings, and that that lumber was not accounted for in the weekly statements forwarded to the principal by the defendant, his agent,. unless the circumstances of the case are such as to forbid it, because of the injustice which will ensue to the complainants. Counsel on behalf of the complainants say, that they accepted the answer as true, and that, in the long and tedious effort to establish the facts of the case, and to show the true nature of the liability of the defendant, they had no intimation that the answer contained a misstatement upon a point of so much importance to the defendant. It is most apparent that the disadvantage to them might be very great, since many of the witnesses, whose testi-

mony might be needed by them, if living at all, live in Maryland, or in some more remote place. These considerations have great force, and cannot be overlooked.

I am not at liberty to refuse the application · to amend. But the hardship ,or perplexity which may be cast upon the complainants by this course will be provided for, in case it happens that they suffer. from the great lapse of time or the absence of witnesses who cannot be reached, or by the death of any whose testimony may appear to be material, or any other such material consideration. It is not the duty of the court to help one party out of a mistake at any and all hazards to the other. Hence, the court will reserve the right of determining how far the defendant shall reap any benefit from the proposed amendment when the case is all in. If the court should be fully satisfied that the complainants, after proper diligence, have suffered from the long delay of defendant in discovering his mistake, it will be the plain duty of the court not to allow such consequence.

I ought to add that I have come to this conclusion with less reluctance, because of the impression that both parties have in fact submitted all of the testimony that was within their reach at the time of the hearing on the point involved in the proposed amendment.

I will allow the complainants costs on this application. *Bowen* v. *Cross, 4 Johns. Ch. 375.* The defendant must give to the complainants a copy of his supplemental answer, *gratis.*

*Mr. A. D. Anderson* and *Mr. A. G. Richey,* for the appellants.

*Mr. Kuhl* and *Mr. Hayhurst,* for the respondent.

PER CURIAM.

This order affirmed, for the reasons given by the vice-chancellor.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER—11.

*For reversal*—None.